## Bergmann Estate

*Roland J. Christy* and *Erich O. Angerman,* for accountants.

*Desmond J. McTighe* and *Albert J. Taylor,* for claimant.

TAXIS, P. J., September 5, 1957.—. . . An additional claim has been entered by Clara E. Bergmann for a 1953 Cadillac car owned by decedent on the theory of a gift mortis causa as noted. Decedent and claimant were married in 1953, and in accordance with his customary practice, in March of 1954, decedent drove to Florida in the 1953 Cadillac in question, for a month's vacation, accompanied by claimant.

On March 7, 1954, decedent was admitted to the Memorial Hospital in Hollywood, Fla., to undergo a major surgical operation.

In response to a telephone call from claimant, Anton Kuhn, a coexecutor and close personal friend and business associate of decedent, flew to Florida from Philadelphia on the day prior to Bergmann's operation. That evening, while Kuhn and claimant visited the hospital room, decedent initiated a conversation with Kuhn concerning his new Cadillac automobile. Kuhn was called by claimant and testified on her behalf that decedent made the following statement shortly after this operation:

"Well, I'm going to fool everybody, Tony. I'm going to be back soon. By the way, in case anything happens, I want to make sure Clara has the new Cadillac. . . . In case you want a witness, we have a nurse here."

Kuhn responded:

"Don't worry about it George, everything will be all right."

The nurse referred to by decedent was in his room at the time of this conversation.

On March 19, 1954, some 10 days after the above conversation, decedent died in the Memorial Hospital at the age of 67.

Kuhn testified that he saw no one other than Mrs. Bergmann driving the 1953 Cadillac during his trip to Florida, and subsequent to Bergmann's death, upon returning for a second trip to Florida to arrange for

the return of the body of decedent to Philadelphia, he again saw no one other than Mrs. Bergmann with the Cadillac.

The coexecutors of decedent's estate, Erich Angermann, Esq., and Anton Kuhn, have entered into a written agreement with claimant, Mrs. Bergmann, in which it was stipulated that decedent stated in the presence of Anton Kuhn, that in the event of his death, the 1953 Cadillac sedan was to go to Clara Edwards Bergmann, the claimant.

"A donatio mortis causa is a gift of a chattel made by a person in his last illness, or in periculo mortis, subject to the implied conditions that if the donor recover, or if the donee die first, the gift shall be void": Hunter, Orphans' Court Commonplace Book, Vol. 1, 343.

It is fundamental that in order to effect a valid gift the donor must evidence the requisite intention to make the gift and also make delivery of the subject matter of the gift. In the present case the intent to make the gift is clear. In addition, the implied condition is attached to this intent that if the donor recover, the gift shall be void. The words "in case anything happens" uttered on the deathbed of decedent clearly adds a conditional element to the intention to give expressed by the donor, thus classifying this transaction as a gift mortis causa. Titusville Trust Co. v. Johnson, 375 Pa. 493 so held.

As to whether an effective delivery has occurred, it has been noted that claimant was in possession of the Cadillac automobile at the time of the above conversation. The authorities are divided on the question of what constitutes delivery when the subject matter of a donatio mortis causa is already in the possession of the donee at the time of the gift. The two views are summarized as follows:

"Since it is not the possession of the donee, but the delivery to him as a gift, that is material, it has been held that an after-acquired possession, or a previous and continuing possession, of the person who claims to be a donee, although such possession is by the authority of the alleged donor, will not supply the want of delivery for the purpose of the alleged gift. . . . On the other hand, it has been held that an antecedent delivery, although made alio intuitu, that is, with a different intent, is sufficient to support a gift causa mortis, since the law does not require a vain thing, such as the surrender of the property by the donee that it may be redelivered to him by the donor": 38 C. J. S. 905, §84.

Neither briefs of counsel nor independent research of the writer has disclosed any case in which our appellate courts have taken a position as to what constitutes delivery in a gift mortis causa where the donee is in prior possession of the subject matter at the time of the gift.

Ordinarily a donatio mortis causa is looked upon with suspicion, as possession of a dying man's effects may readily be obtained by fraud. In the present case, however, there is little or no room for fraud. A party with an interest adverse to claimant, one of the two executors of this decedent's estate, has testified as to the conversation of decedent with regard to this gift, and it was previously certified by the same executor in a written agreement with claimant that decedent stated that in the event of his death the said Cadillac sedan was to go to claimant, Clara E. Bergmann.

The possibility of fraud having been virtually eliminated, I am persuaded that in these circumstances, especially where the transaction is between husband and wife, it would serve no useful purpose to insist on a technical delivery. See Caylor v. Caylor, 52 NE 465 (Ind. App.), and Davis v. Kuck, 93 Minn. 262, 101

N. W. 165, where prior possession of the donee obviated the necessity for making a delivery to effect a valid gift causa mortis. The claim of Clara E. Bergmann for the 1953 Cadillac automobile is, therefore, hereby allowed. . . .